Ted D. Conley (State Bar No. 202519)
DEHNADI & CONLEY, LLP
One Park Plaza, Sixth Floor
Irvine, California  92614
T: (949) 852-7301
F: (949) 852-7302
ted@dehnadiconley.com

Attorneys for Plaintiff
MICRO DETECT, INC.

KELLEY DRYE & WARREN LLP
Lee S. Brenner (State Bar No. 180235)
Joshua M. Keesan (State Bar No. 266771)
10100 Santa Monica Boulevard, 23rd Floor
Los Angeles, California 90067
Telephone: (310) 712-6100
Facsimile: (310) 712-6199
lbrenner@kelleydrye.com
jkeesan@kelleydrye.com

Attorneys for Defendant Laboratory
Corporation of America Holdings,
*d.b.a.* LabCorp

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| MICRO DETECT, INC., a California Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LABORATORY CORPORATION OF AMERICA HOLDINGS, d.b.a. LABCORP; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO. SACV14-00410 CJC (RNBx)**<br><br>[Hon. Cormac J. Carney, Judge, Dept. 9B]<br><br>~~[PROPOSED]~~ **PROTECTIVE ORDER**<br><br>Action Filed:           2/13/2014<br>Discovery Cutoff:    4/10/2105<br>Pretrial:                7/13/2015<br>Trial:                    7/21/2015 |

1.    <u>Purposes and Limitations</u>: Disclosure and discovery activity in this litigation potentially involve production of confidential, proprietary, or private information for which special protection against public disclosure and use for any purpose other than prosecuting this litigation would be warranted. Accordingly,

1   Plaintiff MICRO DETECT, INC. (MDI) and Defendant LABORATORY
2   CORPORATION OF AMERICA HOLDINGS (LABCORP), by and through their
3   counsel of record, hereby stipulate to and petition the Court to enter the following
4   Stipulation and Proposed Protective Order ("Protective Order").
5           The parties acknowledge that this Protective Order does not confer blanket
6   protections on all disclosures or responses to discovery and that the protection the
7   Protective Order affords extends only to the limited information or items that are
8   entitled under the applicable legal principles to treatment as confidential and have
9   not been made public.  The parties further acknowledge that this Protective Order
10  creates no entitlement to file confidential information under seal.  Local Rule 79-5
11  sets forth the procedures that must be followed and reflects the standards that will
12  be applied when a party seeks permission from the Court to file material under
13  seal.
14          2.    Definitions:
15          2.1    Party: any party to this litigation, including a party who is not a
16  natural person, the term "Party" shall include all of its or his/her officers, directors
17  and employees.
18          2.2    Disclosure or Discovery Material: all items or information,
19  regardless of the medium or manner generated, stored, or maintained (including,
20  but not limited to, testimony, transcripts, documents and/or tangible things) that are
21  produced or generated in disclosures or responses to discovery in this matter.
22          2.3    "Confidential" Information or Items: information (regardless of
23  how generated, stored or maintained) or tangible things which have not been made
24  public and that a party reasonably believes constitutes non-public confidential
25  information.
26          2.4    Receiving Party: a Party that receives Disclosure or Discovery
27  Material from a Designating Party.
28  / / / /

PROTECTIVE ORDER

1    2.5   Producing Party: a Party or non-party that produces Disclosure

2   or Discovery Material in this litigation.

3    2.6   Designating Party: a Party or non-party that designates its

4   Disclosure or Discovery Material as "Confidential."

5    2.7   Protected Material: any Disclosure or Discovery Material that is

6   designated as "Confidential."

7    2.8   Counsel: attorneys who represent or advise a Party in this

8   litigation (as well as their support staff), including both inside and outside counsel.

9    2.9   Expert: a person with specialized knowledge or experience in a

10   matter pertinent to the litigation who has been retained by a Party or its Counsel to

11   serve as an expert witness or as a consultant in this litigation; and who is not a past

12   or a current owner, officer, director, or employee of a Party and who, at the time of

13   retention, was not anticipated to become an employee of a Party.  This definition

14   includes a professional jury or trial consultant retained in connection with this

15   litigation.

16    2.10   Professional Vendors: persons or entities that provide litigation

17   support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or

18   demonstrations, organizing, storing, retrieving data in any form or medium, *et cet.*)

19   and their employees, agents and subcontractors.

20    3.   Scope: The protections conferred by this Protective Order cover not

21   only Protected Material (as defined above), but also any confidential information

22   copied or extracted therefrom, as well as all copies, excerpts, summaries, or

23   compilations thereof, plus deposition testimony or conversations that would reveal

24   Protected Material.

25    4.   Duration: Even after the termination of this litigation, the

26   confidentiality obligations imposed by this Protective Order shall remain in effect

27   until the Designating Party agrees otherwise in writing or a court orders otherwise.

28   / / / /

---

PROTECTIVE ORDER

5.      <u>Designating Protected Material</u>:

5.1      <u>Exercise of Restraint and Care in Designating Disclosure or</u> <u>Discovery Material for Protection</u>. Each Designating Party that designates Disclosure or Discovery Material for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate confidentiality standards. A Designating Party must take care to designate for protection only those parts of Disclosure or Discovery Material that warrant protection under this Protective Order, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), may expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it/he/she designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it/he/she is withdrawing the mistaken designation.

5.2      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before such material is disclosed or produced. Designation in conformity with this Protective Order requires:

5.2(a) <u>Disclosure or Discovery Material provided in</u> <u>documentary form (apart from transcripts of depositions or other pretrial or trial</u>

---

PROTECTIVE ORDER

proceedings).  The Producing Party must annotate the same with "Confidential" prominently displayed on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions) (*e.g.*, by making appropriate markings as "Confidential").  Where stamping the documents is not practical, Producing Party may designate an entire production as confidential subject to the provisions contained elsewhere in this Protective Order.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "Confidential" annotation at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portions) (*e.g.*, by marking "Confidential" in the margins).  Where stamping the documents is not practical, Producing Party may designate an entire production as confidential subject to the provisions contained elsewhere in this Protective Order.

5.2(b) Deposition Testimony.  The Party or non-party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to

twenty (20) calendar days of receipt of the transcript to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the twenty (20) calendar days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must prominently affix on each such page and the cover page of the bound material the legend "Confidential," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.  Arrangements shall be made with the court reporter taking and transcribing information designated as "Confidential" to label such portions accordingly.  The parties agree that electronic versions of any transcripts need to be segregated by information that is protected under this Protective Order from information which is not protected. However, Counsel shall not provide electronic copies of the transcript to anyone not set forth in Section 7.2 (below) to the extent that the electronic version of the transcript contains "Confidential" Protected Material.

Any Party may also (I) designate testimony that is entitled to protection or (ii) de-designate testimony that the Party identified during the deposition as entitled to protection and which the Designating Party determines should not be so designated, by notifying all Parties in writing within twenty (20) calendar days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "Confidential" thereafter.  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its or his possession, custody or control.

5.2(c) <u>Disclosure or Discovery Material produced other than in documentary or testimony form, and for any other tangible items</u>. The Designating Party shall affix in a prominent place on the exterior of the container or containers

in which the information or item(s) is stored the legend "Confidential."  If only portions of the information or item(s) warrant protection, the Designating Party, to the extent practicable, shall identify the protected portions.

        5.3   <u>Inadvertent Failure to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material.  If any Disclosure or Discovery Material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

      6.   <u>Challenging Confidentiality Designations</u>.

        6.1   <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2   <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with Counsel for the Designating Party and comply with the provisions of Central District Local Rule 37-1.  In conferring, the challenging Party must explain the basis for their belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process set forth in Central District Local Rule 37-2 (including the Joint Stipulation requirement)

only if it or he has engaged in this meet and confer process first.

6.3    Judicial Intervention.  A Party that elects to challenge a confidentiality designation after considering the justification offered by the Designating Party, if any, may file and serve a motion under Central District Local Rule 37-2 (including the Joint Stipulation requirement) (and in compliance with Central District Local Rule 79-5, if applicable) that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge. Until the Court rules on the challenge, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is entitled under the Producing Party's designation.

7.    Access to and Use of Protected Material.

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been  terminated, a Receiving Party must comply with the provisions of Section 12 concerning "Final Disposition" (below).  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Order.

7.2    Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to:

7.2(a) the Receiving Party, including their present and former officers, directors, partners or employees to whom disclosure is reasonably necessary for this litigation;

7.2(b) Counsel, as well as employees of said Counsel to whom

1    it is reasonably necessary to disclose the information for this litigation;

2              7.2(c) Experts (as defined in this Protective Order) of the

3    Receiving Party to whom disclosure is reasonably necessary for this litigation and

4    who have signed the "Agreement to Be Bound by Stipulated Protective Order"

5    (Exhibit "A" hereto);

6              7.2(d) the Court, any settlement mediator, or their personnel;

7              7.2(e) court reporters, videographers and their staffs;

8              7.2(f) Professional Vendors to whom disclosure is reasonably

9    necessary for this litigation;

10             7.2(g) deposition witnesses, but only for the purposes of this

11   litigation and only (I) to the extent reasonably necessary and (ii) to prepare a

12   witness for deposition and only to the extent reasonably necessary and only when,

13   in good faith, counsel for the witness believes that there is a reasonable likelihood

14   that the witness will be shown the Protected Material at deposition, and deposition

15   witnesses shall not be entitled to retain copies of such Protected Material; and

16             7.2(h) the author(s), recipient(s), of the document or the

17   original source of information that comprises Protected Material.

18        8.    Third Party Discovery.

19        Any Party that serves a subpoena requesting documents or other information

20   in this litigation from any third party shall make that third party aware of the

21   existence of, and provide that third party with a copy of, this Protective Order upon

22   the request of that third party.

23        Any third party upon whom any Party serves a subpoena requesting

24   documents or other information in this litigation may avail itself of this Protective

25   Order by signing the "Agreement to Be Bound by Stipulated Protective Order"

26   (Exhibit "A" hereto).  Such signed and completed Agreement shall be retained by

27   the attorneys of record for the Party serving the subpoena.

28   / / / /

PROTECTIVE ORDER

9.   <u>Protected Material Subpoenaed Or Ordered Produced In Other Litigation</u>.  If a Receiving Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this litigation as "Confidential," the Receiving Party must so notify the Designating Party in writing (by fax, if possible) and in no event more than five (5) court days after receiving the subpoena or Court order. Such notification must include a copy of the subpoena or Court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the Protected  Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other litigation that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect their confidentiality interests in the court from where the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material. Nothing in this Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

10.   <u>Unauthorized Disclosure of Protected Material</u>: If a Receiving Party learns, by inadvertence or otherwise, that they have disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use their best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the "Agreement to Be Bound by

---

PROTECTIVE ORDER

1    Stipulated Protective Order" (Exhibit "A" hereto).

2         11.    Filing Protected Material. In accordance with Central District Local

3    Rule 79-5.1, if any papers to be filed with the Court contain information and/or

4    documents that have been designated as "Confidential," the proposed filing shall

5    be accompanied by an application to file the papers or the portion thereof

6    containing the designated information or documents (if such portion is severable)

7    under seal; and the application shall be directed to the judge to whom the papers

8    are directed.  For motions, the parties shall publically file a redacted version of the

9    motion and supporting papers.

10        12.    Final Disposition: Unless otherwise ordered or agreed in writing by

11   the Producing Party, after the final termination of this action, including any

12   appeals, if a Producing Party requests in writing that the Receiving Party return or

13   destroy of any or all of the Designating Party's Protected Material, within (50)

14   calendar days of such request, the Receiving Party must submit a written

15   certification to the Designating Party that all Protected Material was returned or

16   destroyed, including any copies, abstracts, compilations, summaries or other forms

17   of reproducing or capturing any of the Protected Material. Notwithstanding this

18   provision, Counsel may retain an archival set of copies of all pleadings, motion

19   papers, transcripts, legal memoranda, correspondence, attorney work product and

20   Protected Material.  Any such archival copies that contain or constitute Protected

21   Material remain subject to this Protective Order including, but not limited to, those

22   addressed herein above in Section 4. Under no circumstances will the attorney

23   work product or documents covered by the attorney/client relationship be turned

24   over in connection with the litigation.

25        13.    Inadvertent Production. In the event that any document or information

26   purportedly containing or constituting privileged attorney-client communications

27   or attorney work product is inadvertently produced, the Party that inadvertently

28   produced the document shall give written notice of such inadvertent production

PROTECTIVE ORDER

within fourteen (14) calendar days of discovery of the inadvertent production of privileged material. Upon receipt of such notification, the receiving Party shall promptly return to counsel for the producing Party any and all copies of such document or information and thereafter refrain from any use whatsoever, in this case or otherwise, of such document or information.

The return of any document or information purportedly containing or constituting privileged attorney-client communications or attorney work product shall not prejudice the receiving Party's right to subsequently bring a motion to challenge the assertion of privilege or work product before the Court.

The inadvertent production of any document or information for which a claim of privilege or work product doctrine is subsequently asserted by the producing Party shall not constitute a subject matter waiver of a valid claim or privilege or the work product doctrine as to any other document or information in the possession of the producing Party, or as to any communication or information within the knowledge of the producing Party.

14. <u>Miscellaneous</u>.

14.1 <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any Party to seek its modification by the Court in the future or the court's right and ability to modify this Order.  No stipulation by the parties to modify this Protective Order shall have the force or effect of a Court order unless the Court approves the stipulated modification.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right they otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.  This Protective Order and documents/information designated hereunder shall have no bearing on the

PROTECTIVE ORDER

1    admissibility of the documents/information as evidence in this matter.

2              14.3    <u>Independently Obtained Documents</u>. This Protective Order

3    shall have no effect on documents (whether similar or identical to those designated

4    as confidential) obtained from other sources.

5              14.4    <u>No Admissions or Prejudice to Right to Contest Assertion</u>.

6              Entering into, agreeing to, and/or complying with the terms of this Protective

7    Order shall not: (I) operate as an admission by any person that any particular

8    document, testimony, or information marked "Confidential" contains or reflects

9    trade secrets, proprietary, confidential, or competitively sensitive business,

10   commercial, financial, or personal information; or (ii) prejudice in any way the

11   right of any Party (or any other person subject to the terms of this Protective

12   Order): (a) to seek a determination by the Court of whether any particular

13   Protected Material should be subject to protection as "Confidential" under the

14   terms of this Protective Order; or (b) to seek relief from the Court on appropriate

15   notice to all other Parties to this litigation from any provision(s) of this Protective

16   Order, either generally or as to any particular document, material, or information.

17

18

19   DATED:   August 18, 2014

20                                              Hon. Robert N. Block,
                                                United States Magistrate Judge
21

22

23

24

25

26

27

28

PROTECTIVE ORDER

**EXHIBIT "A"**

**AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER**

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of <u>MICRO DETECT, INC., a California Corporation v. LABORATORY CORPORATION OF AMERICA HOLDINGS, d.b.a. LABCORP; and DOES 1 through 20, inclusive,</u> CASE NO. SACV14-00410 CJC (RNBx).

I agree to comply with and be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply may expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order even if such enforcement proceedings occur after termination of this action.  I hereby appoint:

Name: _____

Address: _____

Telephone No.: _____

as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

DATED: _____          _____
                                                    SIGNATURE